UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL METAPHYSICAL MINISTRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WISDOM OF THE HEART CHURCH, <br><br> Defendant. | Case No. 21-cv-08066-KAW <br><br> **ORDER VACATING PRETRIAL CONFERENCE AND TRIAL DEADLINES; SETTING BRIEFING SCHEDULE FOR MOTIONS FOR SUMMARY JUDGMENT** |

On March 24, 2023, the Court requested supplemental briefing regarding Defendants' assertion that both Plaintiff's principal (Michelle Behr) and Defendant's principal (Christine Breese) believed that the four marks at issue in this case were registered when they entered into the Settlement Agreement, specifically § 7.2's prohibition on the use of registered trademarks. (Dkt. No. 139 at 1.)  Specifically, the Court requested supplemental briefing on: (1) whether the parties' mistaken belief affected interpretation of the contract; (2) what evidence did Plaintiff have that the parties intended to prevent use of the four marks, regardless of whether they were registered or not; and (3) whether there was mutual assent to § 7.2 if Defendant only intended to protect registered trademarks.  (*Id.* at 1-2.)

On April 14, 2023, the parties filed their supplemental briefs.  Defendant argued that because there was undisputed evidence that both parties believed that the four marks were registered trademarks when they entered into the Settlement Agreement, there was no mutual assent. (Dkt. No. 140 at 5-6.)  Thus, Defendant requested that the Settlement Agreement be rescinded and the action dismissed.  (*Id.* at 10.)

Plaintiff, in turn, argued that the parties knew that one of the terms at issue -- "Theocentric Psychology" -- was not a registered trademark.  (Dkt. No. 141 at 3.)  In support, Plaintiff pointed

1    to the initial and amended complaint in the previous action leading to the Settlement Agreement;
2    the initial complaint alleged trademark infringement for all four marks (including "Theocentric
3    Psychology"), while the amended complaint only alleged trademark infringement for three marks
4    (no longer including "Theocentric Psychology"). (*Id.* at 2.) Based on that, Plaintiff argued that
5    the parties must have known that "Theocentric Psychology" was not a registered trademark at that
6    time. (*Id.* at 3.) Plaintiff further argued that by then including the unregistered "Theocentric
7    Psychology" in § 7.2's prohibited terms, the parties meant to protect the specifically identified
8    terms, regardless of registration. (*Id.*) Plaintiff also pointed to the fact that Defendant originally
9    refrained from using all four terms, as purportedly required by the Settlement Agreement. (*Id.* at
10   6-7.) Thus, Plaintiff asserted that the Court should reform the Settlement Agreement. (*Id.* at 5.)

11         The Court is not clear as to how Plaintiff's amended complaint imputed knowledge on
12   Defendant that "Theocentric Psychology" was not registered. Likewise, it is not clear why
13   Defendant's original compliance with the Settlement Agreement demonstrates that Defendant
14   knew that some of the terms were not registered, or that Defendant meant to prohibit use of those
15   terms even if they were not registered. If, as Defendant states, it believed the terms were
16   registered at the time, and that the Settlement Agreement was meant to protect registered terms
17   only, Defendant's original compliance with the Settlement Agreement would appear consistent
18   with such beliefs (mistaken as they may ultimately have been).

19         Given these disputes, Plaintiff's request for reformation of the contract, and Defendant's
20   request for rescission of the Settlement Agreement and dismissal of the action, the Court finds it
21   necessary to resolve this issue to determine the scope of the case. Accordingly, the Court
22   VACATES all pending trial deadlines, including: (1) the May 1, 2023 deadline to provide revised
23   exhibit lists, proposed jury verdict forms, and jury instructions; (2) the May 24, 2023 pretrial
24   conference; and (3) the June 9, 2023 trial date. Instead, the Court SETS the following briefing
25   schedule for the parties to file a motion for summary judgment on these issues, *i.e.*, whether the
26   Settlement Agreement should be reformed or rescinded:

27         Motion for Summary Judgment: **May 22, 2023**
28         Opposition: **June 12, 2023**

Reply: **June 26, 2023**

Hearing: **July 20, 2023**

The briefing must contain proper citations and not include unnecessary exhibits. (*See* Dkt. No. 74 ("Summ. J. Order") at 1-2 n.2, 5 n.5, 6-7 n.6.) Courtesy copies must be provided within **three** court days of filing, and all exhibits must be tabbed and provided in binders.

IT IS SO ORDERED.

Dated: April 20, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge