UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL METAPHYSICAL MINISTRY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WISDOM OF THE HEART CHURCH,<br><br>Defendant. | Case No. 4:21-cv-08066-KAW<br><br>**ORDER REGARDING PRETRIAL FILINGS AND CHAMBERS COPIES**<br><br>Re: Dkt. No. 167 |

The parties were ordered to file their revised joint pretrial statement, jury instructions, verdict forms, and voir dire by April 9, 2024. (Am. Minute Entry, Dkt. No. 167.) The parties were previously advised that they needed to provide "revised exhibit lists, objections to evidence, proposed jury verdict forms, and jury instructions, consistent with the rulings in [the December 19, 2022] order." (Dkt. No. 118 at 18.) Despite these instructions, the parties only filed an amended joint pretrial statement. (Am. Pretrial Conference Statement, "APCS," Dkt. No. 170.)[1]

The parties are ordered to file their revised (1) jury instructions, (2) exhibit lists, (3) verdict forms, and (4) proposed voir dire by **April 15, 2024**. Additionally, immediately upon filing, the parties shall email Word (.docx) versions of their filings to kawpo@cand.uscourts.gov. As previously advised, "jury verdict forms and jury instructions shall be jointly provided, with explanations for the basis of objection and any response to the objection." (*See* Dkt. No. 118 at 18.) The parties shall lodge two sets of all filings, which shall each be contained in a single binder with tabs labelled with the name and docket number of each filing, to the Oakland Clerk's Office by **April 17, 2024**. Any objections to evidence are still due by **April 19, 2024.**

---

[1] The Court notes that Plaintiff filed an amended exhibit list (Dkt. Nos. 168 & 169) containing exhibits that have since been withdrawn.

Additionally, the parties shall lodge two sets of revised exhibits with the Oakland Clerk's Office by **April 19, 2024**. All exhibits must be premarked and tabbed. The Court expects the parties to remove exhibits that are no longer relevant. Neither party has permission to add new exhibits unless previously ordered.

### A. Plaintiff's apparent intent to file a motion for leave to amend the complaint

In an attempt to avoid unnecessary motion practice, the parties are advised that granting a motion for leave to amend the complaint on the virtual eve of trial would require a finding that Plaintiff has been diligent in pursuing a breach of contract claim against UMS in connection with the December 12, 2022 filing of the TTAB cancellation action. (*See* APCS at 23.) Given the passage of time, it is unlikely that Plaintiff can justify the significant delay in filing based on an incident in 2022. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (When evaluating a delay in filing, courts consider when the parties knew or should have known the facts and theories raised by amendment and whether they have justified their delay in filing.) Furthermore, given the May 20, 2024 trial date, any amendment would further delay the litigation, which is separate grounds for denying leave to amend. *See id.* at 1387.

### B. Voir Dire

Regarding voir dire, the Northern District now issues an electronic questionnaire, which includes standard juror questions and up to ten additional case-specific questions. The standard questionnaire (or similar) is provided to the venire members, to be answered online. The standard questionnaire may be found in the "Attorney Quick Links," on https://www.cand.uscourts.gov/attorneys/.

Additionally, the parties may include up to ten additional case-specific questions. The parties must determine whether they prefer responses to be provided either in the form of: (1) a "no" and "if yes, please explain" comment box, or (2) a comment box. Examples of these options are shown below:

> 1. Do you or any close family members or friends have experience working in education?  💬 0
>
> ○ No
>
> ○ If yes, please explain.
>
> [                                        ]
>
> 2. Do you or any close family members or friends have experience working in education?  💬 0
>
> [                                        ]

Responses to the electronic questionnaire are provided to counsel prior to jury selection. The undersigned is unclear as to whether the questions jointly provided were meant to be included in the juror questionnaire or whether they were meant to be answered orally or a combination of the two.

Accordingly, the parties are ordered to meet and confer and submit up to ten case-specific questions (and indicate question format for each) for inclusion in the electronic questionnaire. After filing, they are ordered to immediately email a Word version (.docx) to kawpo@cand.uscourts.gov.

During voir dire, the Court does not intend to re-ask questions that potential jurors have already been asked in the electronic questionnaire; this does not preclude following up on particular answers. Counsel shall separately file an agreed upon set of additional voir dire questions to be posed orally by the Court on or before **May 10, 2024**. Counsel will be allowed brief follow-up voir dire after the Court's questioning.

IT IS SO ORDERED.

Dated: April 10, 2024

KANDIS A. WESTMORE
United States Magistrate Judge